IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEANN WALTER,<br>5138 Dartmoor Place,<br>Frederick, Maryland 21703<br>*an individual*,<br><br>       Plaintiff,<br><br>v.<br><br>OWINGS MILLS MALL, LLC,<br>2711 Centerville Road,<br>Wilmington, Delaware 19808<br>*a Delaware Limited Liability Company,*<br><br>and<br><br>J.C. PENNEY CORPORATION, INC.,<br>1301 Ave. of the Americas,<br>New York, NY 10019<br>*a Delaware Corporation*,<br><br>and<br><br>MACY'S RETAIL HOLDINGS, INC.,<br>7 West Seventh Street,<br>Cincinnati, Ohio 45202<br>*a New York Corporation*,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, DEANN WALTER, an individual, by and through her undersigned counsel, hereby files this Complaint and sues the Defendants, OWINGS MILLS MALL, LLC, *a Delaware Limited Liability Company*, J.C. PENNEY CORPORATION, INC., *a Delaware Corporation*, and MACY'S RETAIL HOLDINGS, INC., *a New York Corporation*, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and the Local Rules of the United States District Court for the District of Maryland.

3. Plaintiff, DEANN WALTER, (hereinafter referred to as "MS. WALTER") is a resident of the State of Maryland.

4. MS. WALTER suffers from Multiple Sclerosis (MS) and is disabled. MS. WALTER's disability, at all times material hereto, impairs her ability to walk, a major life activity, and requires her to use a scooter and/or cane to ambulate.

5. Due to her disability, MS. WALTER is substantially impaired in several major life activities.

6. Defendant, OWINGS MILLS MALL, LLC, (hereinafter collectively referred to as "DEFENDANTS") is a Delaware Limited Liability Company, with its principal office in Wilmington, Delaware. Upon reasonable belief, Defendant is the record owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action, to wit: Owings Mills Mall (included in the collective "Property") generally located at 10300 Mill Run Circle, Owings Mills, Maryland 21117. The Defendant is responsible for complying with the obligations of the ADA.

7. Defendant, J C PENNEY CORPORATION, INC., (hereinafter collectively referred to as "DEFENDANTS") is a Delaware Corporation, with its principal office in

Wilmington, Delaware. Upon reasonable belief, Defendant is the record owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action, to wit: J.C. Penney (included in the collective "Property") generally located at Mill Run Circle, Owings Mills, Maryland 21117.  The Defendant is responsible for complying with the obligations of the ADA.

8. Defendant, MACY'S RETAIL HOLDINGS INC., (hereinafter collectively referred to as "DEFENDANTS") is a New York Corporation, with its principal office in Cincinnati, Ohio. Upon reasonable belief, Defendant is the record owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action, to wit: Macy's (included in the collective "Property") generally located at Mill Run Circle, Owings Mills, Maryland 21117.  The Defendant is responsible for complying with the obligations of the ADA.

9. All events giving rise to this lawsuit occurred in the District of Maryland, Baltimore County.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

10. The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

11. The Property, which is a shopping mall, is a place of public accommodation and is subject to the ADA.

12. MS. WALTER has visited the Property and plans to return to the Property in the near future.

13. During her visits, MS. WALTER experienced serious difficulty accessing the

goods and utilizing the services at the Property due to the architectural barriers discussed herein.

14. Due to these barriers, MS. WALTER was denied and continues to be denied the full and equal enjoyment of the goods and services offered at the Property.

15. MS. WALTER intends to and will visit the Property in the near future to utilize the goods and services it offers, but fears that she will encounter serious difficulty due to the barriers discussed herein which still exist.

16. DEFENDANTS have discriminated and continue to discriminate against MS. WALTER in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or denying MS. WALTER the benefits of the goods and services located on the Property by failing to provide and/or correct, *inter alia*, the following barriers to access which were personally observed and encountered by MS. WALTER:

OWINGS MILLS MALL:

A. Plaintiff encountered inaccessible parking due to a lack of proper signage designating spaces as accessible;

B. Plaintiff encountered inaccessible routes from parking designated as accessible due to sidewalks with excessive long and cross slopes;

C. Plaintiff encountered inaccessible routes due to a lack of curb cut access from designated accessible parking spaces;

D. Plaintiff encountered inaccessible routes throughout the property due to curb cuts with excessive slopes, steep side flares, and failure to create a smooth transition; and

E. Plaintiff encountered inaccessible payment/service counters in food court due to excessive height.

MACY'S:

A. Plaintiff encountered inaccessible parking due to spaces designated for accessible use that were not the proper dimensions;

B. Plaintiff encountered inaccessible parking due to spaces designated for accessible use that lacked proper access aisles;

C. Plaintiff encountered inaccessible parking due to a lack of spaces designated for accessible van use;

D. Plaintiff encountered inaccessible routes due to a lack of designated accessible routes from the parking to tenant entrance; and

E. Plaintiff encountered inaccessible payment/service counters due to excessive height.

J C PENNEY:

A. Plaintiff encountered inaccessible routes from designated accessible parking due to sidewalks with excessive slopes; and

B. Plaintiff encountered inaccessible curb cuts due to excessive slopes, steep side flares, and failure to create a smooth transition.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Independent of her intent to return as a patron of the Property, MS. WALTER additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

19. Removal of the barriers to access located on the Property is readily achievable,

reasonably feasible and easily accomplishable without placing an undue burden on the DEFENDANTS.

20. Removal of the barriers to access located on the Property would allow MS. WALTER to fully utilize the goods and services located therein.

21. MS. WALTER has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. WALTER is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against DEFENDANTS and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the Property owned, administered and/or operated by DEFENDANTS is in violation of the ADA;

    B.    That the Court enter an Order directing DEFENDANTS to alter their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing DEFENDANTS to evaluate and neutralize their policies and procedures towards persons with disabilities and to undertake and complete corrective procedures to the full extent required by the Title III of the ADA;

    D.    That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. WALTER; and

    E.    That the Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
12550 Biscayne Blvd., Suite 406
Miami, Florida 33181
Tel: (305) 891-1322
Fax: (305) 891-4512
Attorneys for Plaintiff

Brien M. Penn (27313)
Yungmann Madden & Penn
3060 Route, Suite 260
Glenwood, MD 21738
**P:**410-914-7366  **F:**443-926-0589
brien@yungmannmadden.com